CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 30 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil Action No. 7:08-cv-80102 |
| ) | Criminal Action No.: 7:06-cr-00098-2 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| WILBERT HERMAN BROWN, ) | By: Hon. James C. Turk |
| Defendant. ) | Senior United States District Judge |

Defendant Wilbert Herman Brown, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Brown claims that his guilty plea was not knowing and voluntary, counsel provided constitutionally ineffective assistance by not filing a notice of appeal, and prosecutorial misconduct violated due process. The United States filed a motion to dismiss, and Brown filed a response, making the matter ripe for the court's disposition. On the existing record, the court is unable to resolve Brown's claim that counsel was ineffective for not filing an appeal upon request and refers the matter for an evidentiary hearing on the issue.

I.

On January 29, 2007, Brown pled guilty, pursuant to a written plea agreement, to one count of a racketeering influenced and corrupt organization (RICO) conspiracy and one count of giving a false statement to a federal agent, in violation of 18 U.S.C. §§ 1962(d) and 1001(a)(2) respectively. On November 9, 2007, the court sentenced Brown to ninety-months incarceration. Brown qualified for a sentencing guideline range of 151 to 188 months, but the court granted the United States' motion for substantial assistance on Brown's behalf. Brown did not file a direct appeal.

In October 2008, Brown filed this § 2255 action. Brown claims that his guilty plea was not

knowing and voluntary; his counsel was constitutionally deficient; and prosecutorial misconduct violated his due process. Brown's counsel avers that neither Brown nor any family member ever requested an appeal. (USA Mot. Dismiss Ex 2.) However, Brown alleges in his response to the United States' motion to dismiss that "the government is well aware that Mr. Brown actually requested that his counsel file a Notice of Appeal." (Def. Resp. USA Mot. Dismiss 2.)

II.

One of Brown's claims of ineffective assistance is that counsel failed to file an appeal upon Brown's request. "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). The aggrieved inmate need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate does not need to show a reasonable probability of success on appeal. See id. Thus, if Brown's allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. In light of Brown's allegation and his trial counsel's conflicting affidavit, the court refers the issue of whether Brown asked his trial counsel to file a direct appeal for an evidentiary hearing.

III.

With regard to Brown's other claims, the United States Court of Appeals for the Fourth Circuit stated in United States v. Killian, 22 Fed. Appx. 300 (4th Cir. 2001), that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court may not consider the merits of any of the remaining claims in the § 2255 motion but must dismiss those claims without prejudice. Since the outcome of the evidentiary hearing may affect Brown's other claims, the court will not yet address the United States' motion to dismiss

2

regarding Brown's other claims.

IV.

For the reasons stated herein, the court refers the matter to United States Magistrate Judge Michael F. Urbanski for an evidentiary hearing on the issue of whether Brown asked his trial counsel to file a direct appeal.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant, counsel of record for the United States, and United States Magistrate Judge Michael F. Urbanski.

**ENTER**: This 30th day of January, 2009.

*/s/ James C. Turk*
Senior United States District Judge