CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUN 2 3 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILBERT HERMAN BROWN, ) | |
| Petitioner ) | |
| ) | Criminal Action No.: 7:06-cr-00098-2 |
| ) | Civil Action No. 7:08-cv-80102 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | By: Hon. Michael F. Urbanski |
| Respondent ) | United States Magistrate Judge |

### REPORT & RECOMMENDATION

Petitioner Wilbert Herman Brown, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Brown claims that his guilty plea was not knowing or voluntary and counsel provided constitutionally ineffective assistance. The United States filed a motion to dismiss to which Brown responded. On January 30, 2009, the court referred this matter to the undersigned for a report setting forth findings of fact, conclusions of law, and a recommended disposition. An evidentiary hearing was held on June 8, 2009. For the reasons set forth herein, it is **RECOMMENDED** that the United States' motion to dismiss Brown's claims be **GRANTED** and Brown's § 2255 motion be **DISMISSED**.

### I.

A grand jury in the Western District of Virginia indicted Brown on four counts for violating federal laws relating to a racketeering and drug distribution conspiracy. On January 29, 2007, Brown pled guilty, pursuant to a written plea agreement, to one count of a racketeering influenced and corrupt organization ("RICO") conspiracy and one count of making a false statement to a federal agent, in violation of 18 U.S.C. §§ 1962(d) and 1001(a)(2), respectively, in exchange for dismissal of the remaining counts. On November 9, 2007, the court sentenced

Brown to a total of ninety months incarceration: ninety months for the RICO conspiracy and twenty-four months, to be served concurrently, for the false statement. Brown qualified for a sentencing guideline range of 151 to 188 months, but the court granted the United States' motion for substantial assistance. Transcript of Sentencing Hearing (hereinafter Sent. Tr.) Nov. 9, 2007 (Dkt. #631) at 21-22. Brown did not file a direct appeal.

Brown filed his § 2255 motion in October 2008. Brown claims that his guilty plea was neither knowing nor voluntary; his counsel was constitutionally deficient; and prosecutorial misconduct violated due process.[1] Defendant's Memorandum in Support (hereinafter Def. Mem.) Nov. 3, 2008 (Dkt. #626) at 1. Brown alleges that he and the United States informally agreed to a sixty-month sentence, and Brown relied on this informal agreement to sign his plea agreement. Id. at 7-8. Brown believes that Federal Rule of Criminal Procedure 11(c)(1)(C)[2] bound the court to accept the terms of the informal agreement and to sentence him to sixty months imprisonment. Id. at 4-5.

---

[1] The undersigned recommends dismissal of the prosecutorial misconduct claim because Brown does not discuss any prosecutorial misconduct beyond a mere label. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (requiring grounds for relief to need more than just labels and conclusions);Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring) (stating courts not required to act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint).

[2] The undersigned construes Brown's argument as invoking Rule 11(c)(1)(C) because Rule 11(e)(1)(C), the rule to which Brown cites, does not exist. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (stating courts should liberally construe pro se complaints). Rule 11(c)(1)(C) states that:

> An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty . . . to . . . a charged offense . . . , the plea agreement may specify that an attorney for the government will: (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

The undersigned held an evidentiary hearing on June 8, 2009 on the issue of whether Brown directed counsel to file an appeal. Brown testified as to the following facts:[3] Brown knew before the sentencing hearing that his sentencing guideline range was between 151 and 188 months, and he acknowledged that counsel did not promise him any particular sentence. Nonetheless, Brown asserts that counsel told him before the sentencing hearing that counsel would appeal if the court sentenced Brown to more than five years incarceration.

The court informed Brown at the end of his sentencing hearing that he had the right to appeal the court's judgment. After the sentencing hearing concluded, Brown asked counsel if he was going to appeal, and counsel responded that "he had done the best he could do." Brown "took that to mean that he was not planning to appeal." Brown's son also asked counsel if he was going to appeal, and counsel similarly replied that "I've done the best I can do." Brown did not subsequently speak with counsel or ask him to file an appeal. Brown testified that he was "going to" ask counsel to file an appeal but could not get in contact with him. Brown did not write to counsel requesting an appeal. Brown said he and his family members made several collect calls to counsel's office but were never able to speak with anyone.

Brown's counsel, Michael Massey, also testified at the evidentiary hearing. Massey explained the plea agreement paragraph by paragraph to Brown before Brown signed it, including the provisions waiving appellate and habeas rights. The plea agreement does not contain an agreed upon or recommended five year term of incarceration. Massey did not tell Brown that his maximum guideline sentence was five years, although he did tell Brown that he hoped Brown would receive around a five-year sentence because of the substantial assistance motion. Massey

---

[3] Although incarcerated, Brown participated in the hearing via a video conference link in which Brown could see, hear, and communicate with persons in the courtroom.

3

did not guarantee or assure Brown of any particular outcome because the court retains discretion to impose a particular sentence. Massey did not recall promising Brown to appeal if the sentence exceeded five years, and stated he would not have done so. Rather, Massey testified that he told Brown he would file an appeal only if the court departed above the upper sentencing guideline level of 188 months. After sentencing, Massey does not recall Brown requesting an appeal or consulting him about filing an appeal, and counsel did not receive any phone calls from Brown.[4] Massey spoke with Brown's brother three or four times before and after sentencing, but Brown's family never asked Massey to file an appeal.

Massey acknowledged that he has practiced law for fifteen years, understands his obligation to note an appeal upon a client's request, and that he must file an Anders brief if he cannot ethically argue any issues on direct appeal. Massey would have filed an appeal if had he been directed to do so by Brown, even if he disagreed with that decision, but he was not directed to do so in this case. Massey was not aware of any grounds for appeal in this case that a rational defendant would seek.

## II.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Under § 2255, a prisoner in federal custody may

---

[4] Counsel testified that his office accepts collects calls from incarcerated clients and does not have a policy of refusing phone calls from incarcerated clients. Counsel testified that a secretary keeps a phone log of incoming calls from prisoners. After the evidentiary hearing, the court ordered counsel to submit information about phone logs kept in his office. Counsel responded that any phone message records between January 1, 2007 and July 31, 2008 were purged and no longer exist as his office only keeps them for one year and his representation of Brown ended in late 2007. (Counsel Second Aff. (docket #650) at 1.)

4

attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, a petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The Fourth Circuit has emphasized that "a defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'" United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted).

Brown first challenges his guilty plea as unknowing and involuntary because he was sentenced to a term of incarceration longer than he expected. Brown specifically claims that:

> [He] pled guilty in reliance on the Government's promise to a lesser than maximum sentence. This Court accepted the plea but sentenced Petitioner to the maximum penalty. Consequently, Petitioner['s] guilty plea was induced through deception, resting on an "unfilled promise" and is an unintelligent and involuntary deception, resting on an "unfulfilled promise" and is an unintelligent and involuntary plea, lacking in an understanding of the consequences of the plea, all in violation of due process.

(Def. Supp. Mem. 7.)

If the court determines that a petitioner knowingly and voluntarily waived his collateral attack rights and the petitioner's claims fall within the scope of that waiver, the court must

5

dismiss the § 2255 claim without addressing the merits. See Lemaster, 403 F.3d at 222. Brown accepted a condition in his plea agreement "to waive any right to contest the conviction or the sentence in any post conviction proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel . . . not known to [Brown] at the time of [his] guilty plea." Plea Agreement, Jan. 29, 2007 (Dkt. #335) at 4.

The record reflects a knowing and voluntary guilty plea entered pursuant to a written plea agreement that included a waiver of post-conviction relief. Brown initialed each page and signed the last page of his plea agreement. Id. at 1-9. Brown acknowledged that he was pleading guilty to his RICO and false statement counts and that the maximum statutory penalty for the crimes included twenty-five years imprisonment and up to a $500,000 fine. Id. at 1. Brown also expressed his understanding that sentencing matters were within the court's sole discretion subject to the advisory sentencing guidelines. Id. at 2. The United States agreed to dismiss all remaining counts in his indictment in exchange for his guilty plea for the RICO and false statement counts and promised to recommend a sentence at the low end of the applicable sentencing guideline range. Id. at 2, 3. Again, the plea agreement does not contain a recommendation or promise that Brown receive only five years. Brown also acknowledged in the plea agreement that the court is not bound by the United States' recommendation and may sentence Brown up to the maximum permitted by law. Id. at 3, 7. Brown stipulated that he had not been coerced, threatened, or promised anything other than what was set forth in the plea agreement, and the plea agreement constituted the entire understanding between Brown and the United States. Id. at 8.

During Brown's Rule 11 colloquy, Brown admitted that he could read and write and was not under the influence of drugs or alcohol. Transcript of Plea Hearing, Jan. 29, 2007

6

(Dkt. #630) at 5-6. Brown also told the court that no person made promises to him other than as set forth in the plea agreement and he acted voluntarily, free from threats, promises, compulsion, and duress. Id. at 7-8. Brown acknowledged his understanding of the maximum statutory sentence. Id. at 13-14. Brown's allegation that the court never informed him of his separate rights to trial and appeal is contradicted by the plea colloquy at which Brown acknowledged that he understood he was waiving his direct appeal and collateral review rights as well as his right to trial. Id. at 8-16, 21, 22. By executing the plea agreement, Brown waived his right to raise the claim on collateral review that he was unlawfully sentenced to a period longer than five years.

Even if Brown had not waived his claim that he was somehow duped into pleading guilty, it fails on the merits. In light of Brown's solemn declarations in open court, Brown's allegations that the court gave him the maximum sentence by deception is simply not credible. The court told Brown during his sentencing hearing that his guidelines range was 151 to 188 months imprisonment and a fine between $15,000 and $150,000. Sent. Tr. 21. However, the court sentenced Brown to only ninety months incarceration with credit for time served, thirty-six months supervised release, and a $200 mandatory assessment. Judgment, Nov. 13, 2007 (Dkt. #573). Before the sentencing hearing adjourned, Brown told the court that he understood everything that transpired in his case. Sent. Tr. 25.

Therefore, Brown acknowledged that the court could sentence him up to twenty-five years incarceration and that the sentencing guidelines recommended 151 to 188 months; however, the court sentenced him to only ninety months. Brown's contention that his ninety month sentence was somehow the product of deception is meritless. Furthermore, Brown's allegations that Rule 11(c)(1)(C) limits the court's sentencing discretion in this case is unfounded because the written plea agreement does not promise a sentence of only five years, the plea

7

agreement is the sole record of the parties' contract, and Brown affirmed that no other promises existed. Accordingly, the undersigned recommends that this claim be dismissed.

### III.

Brown also alleges that his counsel, Massey, provided constitutionally ineffective assistance because he failed to negotiate a beneficial deal in exchange for his plea agreement and failed to object and appeal the court's imposition of the "maximum penalty."[5] Def. Supp. Mem. 11. To prove a constitutional claim of ineffective assistance related to a guilty plea, a petitioner must establish counsel's deficient performance and resulting prejudice. Strickland v. Washington, 466 U.S. 668, 685 (1984). Brown must show that "counsel's representation fell below an objective standard of reasonableness" considering circumstances as they existed at the time of the representation. Id. at 687-88. In evaluating counsel's performance, the court must be highly deferential to counsel's reasonable strategic decisions, avoiding the distorted effect of hindsight. Id. at 688-89. If counsel's error had some bearing on the validity of Brown's guilty plea, a showing of prejudice will require petitioner to demonstrate "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). For counsel's alleged errors at sentencing or in appeal proceedings, petitioner must demonstrate "a reasonable probability" that but for the error, the result reached by a reasonable and impartial fact finder would have been different. Strickland, 466 U.S. at 694-95. If a petitioner satisfies one prong of the Strickland test, a court need not inquire whether the petitioner satisfies the other prong. Id. at 697.

---

[5] Brown also argues that counsel was ineffective for not contacting the appellate court to inform it that no appeal was going to be filed, in violation of "Rule 3" and "Rule 4." Response to USA Motion to Dismiss, Jan. 22, 2004 (Dkt. #636) at 2. This argument lacks merit because counsel was not obligated to give such notice.

8

Brown's claim that he received the "maximum" sentence is unfounded. In fact, Brown received a sentence of only ninety months because of the United States' substantial assistance motion, instead of a sentence in the guidelines range of 151 to 188 months or the statutory maximum sentence of 300 months that could have resulted from a trial. Further, Brown's claim that counsel did not negotiate a "beneficial deal" likewise must be dismissed as Brown fails to establish any deficient performance or that a more favorable outcome would have resulted at trial.

Brown also alleges ineffective assistance of counsel for failure to file an appeal. Indeed, Brown alleges that "the government is well aware that [he] actually requested that his counsel file a Notice of Appeal." Response to USA Motion to Dismiss, Jan 22, 2009 (Dkt. #636) at 2. In contrast, Massey flatly denies that anyone ever directed him to file a notice of appeal on Brown's behalf. Massey Affidavit, Dec. 23, 2008 (Dkt. 633) at 1. The undersigned held an evidentiary hearing to determine whether Brown requested his counsel to file an appeal.

Based on the testimony presented at the hearing, the undersigned concludes that Brown did not direct Massey to file a notice of appeal or otherwise indicate to counsel an interest in appealing the sentence. The court advised Brown of his right to appeal at sentencing. After sentencing, Brown had a brief conversation with Massey, but even according to Brown's version of events, he understood that Massey would not be filing an appeal. There is no credible evidence to suggest that Brown or anyone on his behalf later contacted Massey for the purposes of requesting an appeal. Although Brown was "going to" ask Massey to file an appeal, he admitted that he was not able to do so. While Brown claims he made a collect call to Massey's office to discuss an appeal, he acknowledges that he never spoke to anyone. Massey stated that there was no office policy which would have precluded receipt of any incoming collect call from

an incarcerated, established client, and that he simply got no such call. In short, there are no facts to support Brown's claim that he asked Massey to appeal.

Nevertheless, counsel has a duty to consult with a client about filing an appeal from a criminal conviction if either (1) a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Roe v. Flores-Ortega, 528 U.S. 470, 479 (2000). Consult in this context means, "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478. If counsel consulted the defendant, was instructed to file an appeal, and failed to do so, then counsel acted in a professionally unreasonable manner. If there was no consultation regarding an appeal, then the court must decide if the failure to consult constituted performance that fell below the reasonably effective standard. Id.

After the sentencing hearing, Massey did not consult Brown about an appeal. As noted above, there are no facts to suggest that Brown reasonably demonstrated that he was interested in appealing his sentence. Brown received a below-guidelines sentence, and, upon his own recitation of the moments after the conclusion of the sentencing hearing, had a conversation with Massey which he understood to mean that Massey had done the best he could and was not going to file an appeal. There is no credible evidence that Brown or his family thereafter requested that Massey file an appeal. Thus, Brown has not reasonably demonstrated that he wanted to appeal his below-guidelines sentence.

Nor can Brown demonstrate that a rational defendant would want to appeal such a sentence. Brown was aware before entering into the plea agreement that the guideline range was between 151 and 188 months. Massey explained to him that he would only have a basis for

appeal if the court sentenced him to a term over 188 months. Brown agreed to waive his appellate rights in the plea agreement and confirmed his intention to do so in the Rule 11 hearing. The court sentenced Brown to only ninety months incarceration because of the United States' substantial assistance motion. Massey also testified that Brown had no legitimate basis for appeal. Not only did Brown waive his right to appeal, but he also received a sentence well below the guideline's minimum sentence. Under these circumstances, no rational defendant would want to appeal his sentence.

Brown asserts that Massey informed him before the sentencing hearing that counsel would appeal any imposed sentence exceeding five years. However, the undersigned finds Brown's assertion not to be credible. First, Massey denies making any such promise. Massey explained at the evidentiary hearing that he did not guarantee any particular sentence to Brown prior to sentencing. While Massey stated that he was hoping for a sentence in the five-year range, he only promised to file an appeal if the sentence was above the guidelines. Second, Brown's credibility has been undermined by his inconsistent allegations made throughout the proceedings. In his memorandum in support of the § 2255 motion, he alleged that the parties agreed to a sentence that would not exceed five years, but at the evidentiary hearing Brown testified that he was never promised a specific sentence. Brown also testified that Massey showed him the guidelines and that his guideline range was between 151 and 188 months. Further, Brown was informed at the Rule 11 hearing that the maximum statutory penalty was twenty-five years. Thus, there can be no credible assertion that Massey promised Brown that he would appeal any sentence over five years. Accordingly, the undersigned concludes that Massey did not have a duty to consult with Brown about an appeal after sentencing because a rational defendant would not want to appeal the ninety-month below-guidelines sentence. Brown fails to

11

Case 7:06-cr-00098-JCT-mfu   Document 651   Filed 06/23/09   Page 11 of 12   Pageid#: 2159

appeal if the court sentenced him to a term over 188 months. Brown agreed to waive his appellate rights in the plea agreement and confirmed his intention to do so in the Rule 11 hearing. The court sentenced Brown to only ninety months incarceration because of the United States' substantial assistance motion. Massey also testified that Brown had no legitimate basis for appeal. Not only did Brown waive his right to appeal, but he also received a sentence well below the guideline's minimum sentence. Under these circumstances, no rational defendant would want to appeal his sentence.

Brown asserts that Massey informed him before the sentencing hearing that counsel would appeal any imposed sentence exceeding five years. However, the undersigned finds Brown's assertion not to be credible. First, Massey denies making any such promise. Massey explained at the evidentiary hearing that he did not guarantee any particular sentence to Brown prior to sentencing. While Massey stated that he was hoping for a sentence in the five-year range, he only promised to file an appeal if the sentence was above the guidelines. Second, Brown's credibility has been undermined by his inconsistent allegations made throughout the proceedings. In his memorandum in support of the § 2255 motion, he alleged that the parties agreed to a sentence that would not exceed five years, but at the evidentiary hearing Brown testified that he was never promised a specific sentence. Brown also testified that Massey showed him the guidelines and that his guideline range was between 151 and 188 months. Further, Brown was informed at the Rule 11 hearing that the maximum statutory penalty was twenty-five years. Thus, there can be no credible assertion that Massey promised Brown that he would appeal any sentence over five years. Accordingly, the undersigned concludes that Massey did not have a duty to consult with Brown about an appeal after sentencing because a rational defendant would not want to appeal the ninety-month below-guidelines sentence. Brown fails to

establish any deficient performance under <u>Strickland</u>, and the undersigned **RECOMMENDS** that Brown's ineffective assistance of counsel claims be **DISMISSED**.

The Clerk is directed to transmit the record in this case to Honorable James C. Turk, Senior United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within ten days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk of the Court is further directed to send copies of this Report and Recommendation to counsel of record.

Enter this 23rd day of June, 2009.

Michael F. Urbanski
United States Magistrate Judge